The opinion of the Court was afterward drawn up by
Parker C. J.
We think it very clear that the plaintiff did not become a partner or member of the association, by the assignment to him of Robbins’s interest. It is a .settled principle, that a company or copartnership cannot be compelled to receive a stranger into their league. These associations are founded in personal confidence and delectus personarum. It is even held, that an executor or heir of one of the members does not become a member, unless by consent or by the terms of the compact. Cow, 270 ; Murray v. Bogert, 14 Johns 318 ; Marquand v. New York Manuf. Co. 17 Johns. R. 535 The case in Russell’s Reports in Chancery, 349, cited by the plaintiff’s counsel, recognises the same principle, for it was only upon the implied assent of the Duke of Beaufort that he was supposed to be held to admit purchasers in lieu of the lessees who were his tenants. And even with such implied assent the case was considered doubtful and was compromised.
What interest then did Kingman acquire by the assignment to him, and what means shall he resort to, to enforce it ?
It would seem that any member who had paid in his proportion of stock, had an assignable interest in it, subject to the claims upon it by the company for losses, expenses and advances, and that the gains, if any, followed the principal. His creditors have a right to avail themselves of it by attaching his proportion of any chattels belonging to the company, but this right is subject to the proper charges against him by the company, and also to the right which creditors of the company first have to secure themselves upon the joint property. The members, or those who hold the funds, may be charged as trustees of any individual member so far as to *245 De obliged to pay over any profits which may belong to him, and perhaps to the extent of his proportion of the fund, deducting their just claims upon it. An assignment cannot have a more extensive effect. The assignee becomes tenant in common only, and as such may have a right to an account, and to the proportion of profits.[1] We are not prepared to say that the stock itself can be withdrawn.
The case in 5 Pick. 232, Alvord v. Smith, is very different from this. The action was brought for the price of a share in a distillery, in which there were many partners. The sale was made, and the defendants were before members, and actually enjoyed the right and interest which they purchased. There was no prohibition to sell; on the contrary, it was provided in the articles, that purchasers should become members of the association. All that was required was, that the certifi cate of the sale should be entered by the clerk in the books of the company. The Court held that the interest of the plaintiff was assignable, and that as the defendants actually used and enjoyed the plaintiff’s share, the certificate was not essential to their title. But in this case, by the terms of the association, there could be no sale to bind the company without their consent or that of their agents.
This bill must be dismissed with costs, and the plaintiff must resort to such other remedy as he shall be advised to

 See Collyer on Parta. 4, 5, 83, 486, 648; Alvord v. Smith, 5 Pick. (2nd t d.) 235, note 1; Gilmore v. Black, 2 Fairfield, 488.